# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

**MICHAEL A. VANDERPOOL,**

        **Plaintiff,**

    **v.**                          **CASE NO. 13-3112-SAC**

**ZACK ANTHONY,**

        **Defendant.**

**MEMORANDUM AND ORDER**

This matter is a civil rights action filed pursuant to 42 U.S.C. § 1983. Plaintiff, a prisoner at the Ellsworth Correctional Facility, proceeds pro se.

Plaintiff retained the defendant to represent him in a state post-conviction action in June 2011. He claims the defendant failed to properly pursue the action, resulting in the violation of plaintiff's constitutional rights. He also alleges negligence. Plaintiff seeks damages.

*Screening*

A federal court must conduct a preliminary review of any case in which a prisoner seeks relief against a governmental entity or an officer or employee of such an entity. *See* 28 U.S.C. §1915A(a). Following this review, the court must dismiss any portion of the complaint that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from that relief. *See* 28 U.S.C. § 1915A(b).

To avoid a dismissal for failure to state a claim, a complaint must set out factual allegations that "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544,

555 (2007). The court accepts the well-pleaded allegations in the complaint as true and construes them in the light most favorable to the plaintiff. *Id*. However, "when the allegations in a complaint, however, true, could not raise a [plausible] claim of entitlement to relief," the matter should be dismissed. *Id*. at 558.

Pleadings filed by a pro se litigant must be liberally construed. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). However, a court need not accept "[t]hreadbare recitals of the elements of a cause of action supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

*Analysis*

Plaintiff proceeds pursuant to 42 U.S.C. § 1983, which imposes liability for actions under the color of state law that deprive one of "rights, privileges, or immunities secured by the Constitution and laws [of the United States]."

"The traditional definition of acting under color of state law requires that the defendant in a § 1983 action have exercised power 'possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.'" *West v. Atkins*, 487 U.S. 42, 49 (1988).

The constitutional claims against the defendant are subject to dismissal because it is settled that an attorney is not a "state actor" for purposes of § 1983. *See Briscoe v. LaHue*, 460 U.S. 325, 329 n.6 (1983)("even though the defective performance of defense counsel may cause the trial process to deprive an accused person of his liberty in an unconstitutional manner, the lawyer who may be responsible for the unconstitutional state action does not himself act under color of state law within the meaning of § 1983") and *Barnard v. Young*, 720

F.2d 1188, 1189 (10th Cir. 1983)("private attorneys, by virtue of being officers of the court, do not act under color of state law within the meaning of section 1983").

Plaintiff also alleges the defendant attorney was negligent in his professional conduct. This claim asserts, at most, a claim arising under state law, and the court declines to exercise supplemental jurisdiction over this claim. *See* 28 U.S.C. § 1367(c)(3).

IT IS, THEREFORE, BY THE COURT ORDERED plaintiff's claim alleging constitutional violations by the defendant is dismissed for failure to state a claim for relief.

IT IS FURTHER ORDERED plaintiff's claim of negligence is dismissed without prejudice.

A copy of this order shall be transmitted to the plaintiff.

**IT IS SO ORDERED.**

DATED: This 19th day of August, 2013, at Topeka, Kansas.

S/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge